GLD-186                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4476
_____

JOHNATHAN ROBINS, as an individual and
on behalf of his son, JOHNATHON ROBINS, JR.,

Appellant

v.

JUDGE MICHAEL F.X. COLL;
MICHAEL WARD; MASTER JUDGE;
PA DOMESTIC RELATIONS BRANCH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-07501)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: April 9, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Johnathan Robins appeals the District Court's order dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Santiago v. Warminster Twp., 629 F.3d 121, 128 & n.4 (3d Cir. 2010). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Robins brought this pro se civil rights action on his own behalf and on behalf of his minor son, pursuant to 42 U.S.C. § 1983, against an unidentified "Master Judge," Judge Michael Coll of the Delaware County Court of Common Pleas, the Delaware County Court- Domestic Relations Division, and Michael Ward, a Pennsylvania Department of Public Welfare County Assistance Office caseworker. Robins alleged violations of his First Amendment and Fourteenth Amendment rights throughout child support proceedings involving Robins' minor child, including Judge Coll's decision to hold Robins in contempt of court and to lodge a detainer against him. Robins' complaint against Ward was that he interfered with his right to care for his child by allowing the child's maternal grandmother to file for medical assistance on behalf of the child. In response to the defendants motion to dismiss, Robins filed an amended complaint, which asserted the same claims against the defendants, but dropped the claims

2

against Ward in his official capacity. The defendants moved to dismiss the amended complaint, which the District Court granted.[1] Robins filed a timely appeal.

We agree with the District Court's dismissal of all of Robins' claims on behalf of his minor son. It is well established in this Circuit that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Moreover, we agree that Judge Coll and Master Judge are protected by absolute judicial immunity. A judge "in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The allegations in Robins' complaint relate to actions taken by Judge Coll and Master Judge in their capacity as a judges. Assessing child support and issuing court orders are routine, typical functions of judges, and there are no allegations that Judge Coll and Master Judge clearly lacked jurisdiction

---

[1] The District Court granted Robins leave to file a second amended complaint, which merely recouched his First Amendment claims as arising out of the Fourteenth Amendment. Because Robins' claims were dismissed on other grounds, the District Court did not address the question of whether he properly plead the elements of a substantive due process violation. We agree with the District Court in this regard.

3

in their rulings.  Thus, Robins' allegations are insufficient to overcome Judge Coll's and Master Judge's judicial immunity.

With respect to the claims against the Delaware County Court- Domestic Relations Division, we conclude that the District Court properly dismissed Robins' claims because Delaware County Court- Domestic Relations Division is not a person under 42 U.S.C. § 1983.  See Callahan v. City of Phila., 207 F.3d 668, 673 (3d Cir. 2000).  Finally, we agree with the District Court that Ward's decision to allow Robins' child's grandmother to file for medical assistance under her welfare plan on behalf of the child did not deprive Robins of his right to care for and control his child.  See Anspach ex rel. Anspach v. City of Philadelphia Dept. of Pub. Health, 503 F.3d 256, 262-263 (3d Cir. 2007).

For these reasons, the appeal presents no substantial question and we will summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[2]

---

[2] We agree with the District Court that offering leave to amend for a third time would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).